■ Arthur I. Trager et al., Appellants, v. Jean Vigliotti et al., Respondents.— In an action to set aside as fraudulent a conveyance of real property

and for other equitable relief (a second cause of action, to annul the marriage between plaintiff Arthur Trager and defendant Rose Trager, was severed and separately determined), plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered October 18, 1972, in favor of defendants, after a nonjury trial. Judgment reversed, on the law and the facts, with costs, and judgment directed to be entered declaring plaintiff Arthur I. Trager to be the owner of 50% of the capital stock of the plaintiff corporation and directing defendant Vigliotti to reconvey to the plaintiff corporation the property at 5 Grissom Drive, Bronxville, New York. In our opinion the documentary and other evidence at the trial clearly establishes that plaintiff Trager contributed more than half the moneys necessary to purchase the house at 5 Grissom Drive, the subject matter of this litigation. The evidence further establishes that defendant Trager wrongfully converted the 50% stock ownership of plaintiff Trager in the corporation which owned the house. We disagree with the learned Justice at Trial Term insofar as he ruled that plaintiff Trager was estopped from securing equitable relief because he had transferred his interest in the house to a corporation in order to hinder his former wife's efforts to implement claims for support payments. In this regard the law is settled. "The rule denying relief to one who conveyed his property to defraud his creditors is inapplicable to prevent recovery of the property so conveyed where the claim which caused him to make the conveyance was never established" (24 N. Y. Jur., Fraudulent Conveyances, § 92, p. 513; see, also, *Valenti* v. *Valenti*, 279 App. Div. 677; *Tiedemann* v. *Tiedemann*, 201 App. Div. 614; *Palumbo* v. *Palumbo*, 55 Misc 2d 264; Restatement, Trusts, 2d, § 63, p. 173). Here, there is absolutely no evidence that the former wife had a valid claim against plaintiff Trager. Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.